# United States District Court
## Eastern District of Michigan

United States of America
V.
Dineshkumar Patel

Case Number: 11CR20468-3
USM Number: 46061-039

## AMENDED
## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

Date of Original Judgment: May 27, 2015
(or date of Last Amended Judgment)

Brian E. Dickerson
Defendant's Attorney

**Reason for Amendment:**
Modified to include recommendation to the Bureau of Prisons to designate the defendant to the Moshannon Valley Correctional Institution in Philipsburg, Pennsylavania.

■ Pleaded guilty to count(s) 1 and 15 of the Indictment.

■ Count(s) **18 and 19 of the Indictment** are dismissed on the motion of the United States after a plea of not guilty.

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. § 1349 | Health Care Fraud Conspiracy | July 2011 | 1 |
| 21 U.S.C. § 846 | Conspiracy to Distribute Controlled Substances | July 2011 | 15 |

The defendant is sentenced as provided in pages **2 through 6** of this judgment. This sentence is imposed pursuant of the Sentencing Reform Act of 1984

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

May 27, 2015
Date of Imposition of Judgment

s/Arthur J Tarnow
United States Senior Judge

June 4, 2015
Date Signed

DEFENDANT: Dineshkumar Patel
CASE NUMBER: 11CR20468-3

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **30 months on counts 1 and 15 to be served concurrent.**

The court makes the following recommendations to the Bureau of Prisons: **Defendant be designated to the Moshannon Valley Correctional Institution in Philipsburg, Pennsylavania.**
**Deportation proceedings to begin prior to end of the term of incarceration so that defendant is deported without delay.**

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prison: **as notified by the United States Marshal.**

# RETURN

I have executed this judgment as follows:

Defendant delivered on ________________________________ to ________________________________________ a
___________________________________________, with a certified copy of this judgment.

__________________________________________
United States Marshal

__________________________________________
Deputy United States Marshal

DEFENDANT: Dineshkumar Patel
CASE NUMBER: 11CR20468-3

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **N/A - the defendant is to be deported immediately following term of incarceration. His attorney is directed to contact immigration authorities prior to defendant's release to ensure the defendant is not held in immigration custody pending deportation.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

If the defendant is convicted of a felony offense, DNA collection is required by Public Law 108-405.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. Revocation of supervised release is mandatory for possession of a controlled substance.

■ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

**1)** the defendant shall not leave the judicial district without the permission of the court or probation officer;

**2)** the defendant shall report ot the probation officer and shall submit a truthful and complete written report within the first five days of each month;

**3)** the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

**4)** the defendant shall support his or her dependents and meet other family responsibilities;

**5)** the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

**6)** the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

**7)** the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

**8)** the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

**9)** the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

**10)** the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

**11)** the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

**12)** the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

**13)** as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and

**14)** the defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. Revocation of supervised release is mandatory for possession of a firearm.

DEFENDANT: Dineshkumar Patel
CASE NUMBER: 11CR20468-3

# CRIMINAL MONETARY PENALTIES

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS:** | $ 200.00 | $ 0.00 | $ 4,850,000.00 |

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| U.S. Department of Health and Human Services, Medicare Trust Fund c/o CMS, Office of Financial Management, 7500 Security Boulevard, Att: Mail Stop: C3-11-03, Baltimore, Maryland 21244 | $4,600,000.00 | $4,600,000.00 | |
| Blue Cross/Blue Shield of Michigan, Attn: Corporate Recovery: B539, 2700 West Eleven Mile Road, Southfield, Michigan 48034 | $250,000.00 | $250,000.00 | |
| **TOTALS:** | $ 4,850,000.00 | $ 4,850,000.00 | |

The court determined that the defendant does not have the ability to pay interest and it is ordered that:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Dineshkumar Patel
CASE NUMBER: 11CR20468-3

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:
[A] Lump sum payment of **$200.00** due immediately.

[F] Special instructions regarding the payment of criminal monetary penalties: **Defendant is not required to participate in the Inmate Financial Responsibility Program.**

Unless the court has expressly ordered otherwise in the special instructions above, while in custody, the defendant shall participate in the Inmate Financial Responsibility Program. The Court is aware of the requirements of the program and approves of the payment schedule of this program and hereby orders the defendant's compliance. All criminal monetary penalty payments are to be made to the Clerk of the Court, except those payments made through the Bureau of Prison's Inmate Financial Responsibility Program.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|

**See attached detailed sheet.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: Dineshkumar Patel
CASE NUMBER: 11CR20468-3

## ADDITIONAL DEFENDANTS AND CO-DEFENDANTS HELD JOINT AND SEVERAL

Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| 11-CR-20468<br>All convicted co-defendants | 4600000.00 | 4600000.00 | Department of Health and Human Services - Medicare Trust Fund |
| 11-CR-20468<br>All convicted co-defendants | 250000.00 | 250000.00 | Blue Cross Blue Shield |